NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALEKSEY ALEKSANDROVICH
DZYUBA,

Defendant - Appellant.

No. 13-30124

D.C. No. 3:11-cr-00209-JO-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Robert E. Jones, Senior District Judge, Presiding

Submitted July 9, 2014[**]
Portland, Oregon

Before: PREGERSON, PAEZ, and WATFORD, Circuit Judges.

Defendant Aleksey Dzyuba appeals his conviction of distribution of heroin

resulting in death, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Mr.

Dzyuba argues that there is insufficient evidence to support the conviction. At

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

trial, the overwhelming evidence showed that Mr. Dzyuba sold heroin to the victim, Toviy Sinyayev, and that this heroin killed Mr. Sinyayev. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"Claims of insufficient evidence are reviewed de novo." *United States v. Antonakeas*, 255 F.3d 714, 723 (9th Cir. 2001). We "construe the evidence in the light most favorable to the prosecution, and . . . then determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc) (internal quotation marks and emphasis omitted).

Mr. Dzyuba admits that he sold heroin to Mr. Sinyayev on the night he overdosed, but argues that it is possible Mr. Sinyayev obtained heroin from another source, and that this other heroin could have killed Mr. Sinyayev. Yet all the evidence and testimony presented at trial showed that Mr. Dzyuba's heroin — and only his heroin — killed Mr. Sinyayev. On the night Mr. Sinyayev died, he had no money to purchase more heroin, and no one ever saw him purchase or receive heroin other than from Mr. Dzyuba. Mr. Sinyayev ingested Mr. Dzyuba's heroin at least three times on the night he overdosed. The heroin was particularly strong, and Mr. Sinyayev's tolerance was weak since he had only been using heroin for three months. And finally, Mr. Sinyayev still had a full balloon of Mr. Dzyuba's heroin in his wallet when he overdosed. As the district court logically concluded,

Mr. Sinyayev had no reason to buy more heroin from another source when he had more of Mr. Dzyuba's heroin in his possession. Any contention by Mr. Dzyuba that Mr. Sinyayev obtained heroin from another source on the night he overdosed is merely speculative. *See United States v. Ruiz*, 462 F.3d 1082, 1086 (9th Cir. 2006) ("A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.").

**AFFIRMED**.